## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Consorcio de Productores de Fruta** | : | **CIVIL ACTION** |
| **Lima, Peru** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Nippon Yusen Kaisha a/k/a NYK Line** | : | **NO.** |
| **and/or NYK Line (North America) Inc.** | : | |
| **300 Lighting Way, 5ᵗʰ Floor** | : | |
| **Secaucus, NJ 07094** | : | |

### COMPLAINT IN ADMIRALTY *IN REM AND IN PERSONAM*

### Parties

1.     Consorcio de Productores de Fruta is a corporation with an office and place of business located in Lima, Peru.

2.     Plaintiff is a shipper and/or receiver/consignee of fruit who regularly imports its product on board ocean vessels arriving in the ports of the United States.

3.     Defendant, Nippon Yusen Kaisha and/or NYK Line a/k/a NYK Line (North America) Inc. ("NYK"), on information and belief, is a corporation with an office and place of business located at 300 Lighting Way, 5ᵗʰ Floor, Secaucus, New York. At all times material hereto, NYK was the owner, charterer and/or operator of the vessels involved in this shipment.

4.     The vessels owned and/or operated by the above defendant have used the ports of the Commonwealth of Pennsylvania discharged and loaded cargo therein, been supplied services and handled therein and is subject to service of process under the applicable rules of law in admiralty practice and the statutes of the Commonwealth of Pennsylvania.

5.     Plaintiff was the shipper, consignee or owner of the cargo described more further below, and brings this action on its own behalf and as agents and trustees on behalf of and for the interests of all parties who may be or become interested in said shipment, and cargo as their respective interests may ultimately appear, and plaintiff is duly entitled to maintain this action.

**Jurisdiction and Venue**

6.      Plaintiff by and through its attorneys, Dugan, Brinkmann, Maginnis and Pace, hereby brings this suit against the defendants under the provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) and the supplemental Admiralty Rules of the Federal Rules of Civil Procedure.  In addition, jurisdiction is invoked pursuant to 28 U.S.C. §1377 as this is an action arising under an Act of Congress regulating commerce, specifically, the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 *et seq.* and the Harder Act of 1893, 46 U.S.C. §§190-196.

7.      Venue lies within the Eastern District of Pennsylvania under the provisions of 28 U.S.C. §1391.

**COUNT I**

8.      In or about July of 2010, a shipment of mandarins consigned to plaintiff were delivered in good order and condition to the defendant in Callao, Peru for transportation to the United States and delivered to the defendant in Peru in like good order and condition.

9.      In or about July of 2010, the aforesaid shipment was loaded aboard the M/V NYK DANIELLA and a clean on-board bill of lading numbered NYKS7340101110 for container NYKU7114154 was issued acknowledging receipt on the vessel of the said shipment in good order and condition.

10.     Thereafter, the cargo was transhipped on the M/V IWASHIRO.

11.     Thereafter, the cargo was delivered by the above named defendant to plaintiff, whereupon it was discovered that plaintiff's cargo was not in like good order and condition as when received by the defendant, but was instead damaged, deteriorated in value and unfit for sale or use.

12.     The aforesaid damage and loss of plaintiff's cargo was the result of breaches by the defendant of its obligations as a common carrier of goods, of breaches by it of the lawful terms and conditions of the bill of lading issued by it.

13.     By reason of the breaches of the defendant of the lawful terms and conditions of the bill of lading issued by it and the breaches of the defendant and its obligations as a common carrier of goods, plaintiff has sustained damage and loss in an amount in excess of Eighteen Thousand Dollars ($18,000.00).

14.     The aforesaid damage and/or loss of plaintiff's cargo was caused by the unseaworthiness of the vessel and the negligence of the above-named defendant, their agents, servants and employees in:

      a.     failing to provide a seaworthy vessel and a seaworthy place for the care, handling, stowage and carriage of the aforesaid shipment;

      b.     failing to exercise due and proper care in the handling, stowing, carrying and discharge of said cargo;

      c.     failing to safeguard properly said cargo and to prevent damage to it while in their custody and care;

      d.     failing to use proper care under the circumstances;

      e.     failing to deliver the cargo in a timely manner;

      f.     failing to provide the requested Cold Treatment; and

      g.     other and further particulars which will be shown at the time of trial.

15.     By reason of all of the above defendant's negligence and lack of due care and the failure of the defendant to provide a seaworthy place for the handling, stowage, carriage and

discharge of plaintiff's goods and the lack of appropriate stowage aboard the said vessel has suffered

damages and loss in excess of Eighteen Thousand Dollars ($18,000.00).

16.    Notice of claim and claim have been filed with the defendant, but it has

failed and refused to pay all or any part of the loss which has been sustained by plaintiff.

17.    All of the singular facts and matters set forth herein are true and within the

jurisdiction of this Court.

WHEREFORE, plaintiff prays that:

1.    Process in the due form of law, according to the practice of this Court issue

against the defendant inviting them to appear and answer all and singular the matters aforesaid.

2.    If the defendant cannot be found within this District, then all goods, chattels

and equipment in the possession of any person, partnership or corporation owned by them or any

vessel owned or operated by them or any equipment, storage or gear on any vessel be attached by

process of attachment as provided in the admiralty Rules in the amount of Eighteen Thousand

Dollars ($18,000.00).

3.    Judgment be entered on behalf of plaintiff and against the defendant plus

interest and costs of this action.

4.    Plaintiff have such other and further relief in the premises and in law and

justice as it may be entitled to receive.

DUGAN, BRINKMANN, MAGINNIS AND PACE


BY:_____EM871_____
        Eugene J. Maginnis, Jr., Esquire
        1880 John F. Kennedy Blvd., Ste. 1400
        Philadelphia, PA 19103
        (215) 563-3500
        Attorney for Plaintiff

Dated: December 13, 2012

- 4 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSORCIO DE PRODUCTORES DE FRUTA | : | CIVIL ACTION |
| | : | |
| VS. | : | |
| | : | |
| NIPPON YUSEN KAISHA A/K/A NYK LINE | : | NO. |
| AND/OR NYK LINE (NORTH AMERICA) INC. | : | |

DISCLOSURE STATEMENT FORM

Please check one box:

■     The nongovernmental corporate party, _____ Plaintiff _____
, in the above listed civil action does not have any parent corporation and publicly
held corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____,
in the above listed civil action has the following parent corporation(s) and publicly
held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

_____ 12/13/12 _____            _____ EM871 _____
Date                                     Signature

Counsel for:_____ Plaintiff _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a
statement that identifies any parent corporation and any publicly held corporation that owns
10% or more of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
      (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition,
               motion, response, or other request addressed to the court, and
      (2)      promptly file a supplemental statement upon any change in the
               information that the statement requires.